## Case No. 7,801.

KING et al. v. OHIO & M. RY. CO.

[26 Int. Rev. Rec. 325; 12 Chi. Leg. News. 421.]

Circuit Court, D. Indiana. March 12, 1878.

RAILROAD IN HANDS OF A RECEIVER—CLAIMS—PRIORITY—CONSOLIDATION OF ROADS.

A railroad line running through the three states of Ohio, Indiana, and Illinois, was reorganized under the authority of the three states, as a consolidated road, and mortgages executed by the consolidated line, which were afterwards foreclosed and the consolidated road placed in the hands of a receiver. Under the laws of Ohio, a claim for materials furnished a railroad was entitled to priority over such a mortgage, although it may not have been merged in a judgment. But no such statute existed in the states of Indiana and Illinois through which the line of the road in question ran. Under these circumstances, the court at the present stage of the case, declined to allow petitioners, who were Ohio creditors of the consolidated line, a priority of lien for their claim, under the Ohio statute, as this might work injustice to creditors in the other states, but without deciding as to their right to such priority, directs, for the present, that the receiver examine all claims which exist in Ohio for materials furnished, and that the petitioners be allowed to prove their claim, and await the further action of the court on the coming in of the report of the receiver.

[Suit brought by William King and others against the Ohio & Mississippi Railway Company.]

In the matter of the intervening petition of the Cleveland Rolling-Mill Company.

DRUMMOND, Circuit Judge. This is a petition filed by the Cleveland Rolling-Mill Company for the payment of steel rails furnished to the Ohio and Mississippi Railway. The Ohio and Mississippi Railway runs from East St. Louis, in the state of Illinois, through Illinois and Indiana, to Cincinnati, in the state of Ohio. The property of the road has all been sold out under mortgages or deeds of trust made several years ago; and it was reorganized as a consolidated road, under the authority of the three states. After it was thus reorganized and consolidated, mortgages or deeds of trust were executed by the consolidated line. The interest due upon these mortgages was unpaid, and bills of foreclosure were filed in all of the three states, and a receiver has been put in possession of the road in each state, and it is now operated under the authority of the federal court by the receiver. No question is made but that the case is within the act of the state of Ohio to regulate the sale and reorganization of railroads. [58 Laws Ohio, 72.] I may say that no question is made that the mortgages executed since the reorganization in Ohio (so far as the road in Ohio is concerned) were not executed under the authority of this law. The 6th section of this act declares: "The lien of the mortgages and deeds of trust authorized to be made by this act, shall be postponed to the lien of judgments recovered against said corporation, after its reorganization, for labor thereafter performed for it, or for damages, for losses, or injuries thereafter suffered or sustained by the misconduct of its agents, or in any action founded on its contracts or liability as a common carrier, thereafter made or incurred." And the 7th section provides that this act shall extend to all railroads, parts of which are in Ohio and parts of which are in other states. There being no judgment rendered on the claim in this case, there is not a lien to which the lien of a mortgage is to be postponed by the terms of the 6th section.

But the question is, whether the court, (conceding the claim is just and within the terms of this section), in conformity with the statute of Ohio, the property being in the possession of the receiver, should allow the petitioner to have that priority to which, by the law of Ohio, it would be entitled, if it had obtained a judgment, in which case it would operate as a lien upon the road, and by the terms of the statute the mortgage would be postponed to the judgment. There is a great deal of force in the argument that the railroad being in the possession of a receiver, and the petitioner not having the right to sue the receiver without the authority of the court, there could be, strictly speaking, no lien which a judgment would create against the property, and, therefore, the court ought not to deprive the petitioner of the priority which the law of Ohio clearly intended to give to all persons who performed labor and

furnished supplies after the reorganization took place, and even after the mortgages were executed.

The difficulty about the case consists in the fact that this is a consolidated road, which runs through Indiana and Illinois, and that the mortgage operates on the whole line of road in the three states; and that there should not be any discrimination in favor of claims due to citizens of Ohio for labor performed and supplies furnished on and for that portion of the road which is in the state of Ohio. If it concerned simply the Ohio portion of the road, the case would be very much simplified, or if there was a law precisely the same as the Ohio law in Indiana and Illinois, then all creditors would stand upon the same footing, and would have the same priorities. There is no doubt that it is entirely competent for a state to postpone the lien of a mortgage to a lien which may be created before a judgment is obtained, or after a judgment for supplies or materials furnished, provided the law is in force at the time the mortgage is executed, and is not, therefore, subject to the objection that it impairs the obligation of the contract. But if the court were to allow, in this case, since having the control of the consolidated line of road, a suit to be instituted in Ohio, for instance, by this company, and a judgment to be obtained, if that judgment were a lien upon the railroad, or it would have such validity, that the court in Ohio would be obliged to direct payment of it in preference to any claims held by the mortgagees or trustees, then it is clear that the creditors who would present their claims in an Ohio court, or who might obtain their judgment there, would have preference over other claims, and that would seem to be unjust where supplies or materials were furnished in Indiana or in Illinois, when they could not obtain this advantage, or, we would have to permit the Illinois and the Indiana claimants to go into Ohio and prosecute their suits there, and obtain a lien by virtue of a judgment, or else allow them to go before an Ohio court and compel that portion of the road which is in Indiana or in Illinois or both to pay these judgments against the road. If, however, it were limited to the claims which might exist, or be said to exist, against the Ohio portion of the road, per se, then there might be a comparative equity, and it might then be said it would only be in conformity with the spirit of the Ohio law. But while this is a consolidated road and mortgage, still the portions of the road which are respectively within the three states are controlled by the law of the states of Illinois, Indiana, and Ohio, and it is not competent for the court of one state, or of one district, to interfere with the property within the other, unless, under special circumstances, which, perhaps, need not be discussed or considered here.

The case of Muller v. Dows, in 94 U. S. 444, has been referred to, where there was a road in Iowa and Missouri, the whole of which the Iowa federal court ordered to be sold. That sale was sustained mainly on the ground that the court had jurisdiction of the mortgagee. As I understand, although there was a bill filed in the circuit court of the United States for the Southern district of Ohio, against the Ohio and Mississippi Railway, that court (owing to the fact that the consolidated road is all, except about twenty miles, within the jurisdiction of the circuit court of the United States for the district of Indiana and of the Southern district of Illinois), declines to interfere with the road, but has left it solely to the jurisdiction of these two courts. Now, I do not feel inclined, at present, either to allow the petitioner to proceed in the courts of Ohio and sue the corporation, so as to obtain a judgment, as perhaps it might, because I do not wish to give the petitioner any even apparent advantage which it has not now. And besides, I apprehend that no judgment obtained under such circumstances, would be a lien upon the road; certainly it is very doubtful whether it would. Where property was in the hands of a receiver, and there had been a judgment obtained against a railroad before the receiver was appointed, and therefore it might be considered there was a lien upon it, a sale took place under an execution after the road was placed in the hands of a receiver. The supreme court of the United States held that the sale under the execution was absolutely void, for the reason that the property at the time was in the hands of a receiver. Wiswall v. Sampson, 14 How. [55 U. S.] 452.

I have not before me all the data which I would wish in order intelligently to decide this question as to what claim there may be against the Ohio portion of the road. It is quite possible that in the final disposition of this case the court may feel it to be its duty to discriminate as to the different portions of the road; that is, as to claims of this kind—for supplies and materials, or which may grow out of the defendant acting as a common carrier before the appointment of a receiver. It may become the duty of the court, when this case is finally disposed of either by restoring the property to the corporation, or upon the sale and distribution of the proceeds, to take into consideration the peculiar laws of Ohio, which are different from the laws of Indiana and Illinois, and to give all parties who have furnished materials or supplies, or performed labor on the Ohio portion of the consolidated road, their rights, under the law of Ohio, providing it can be done without any injustice to the other portions of the road, because, I repeat, the court must look at it as a consolidated road under the laws of the respective states. Therefore I shall direct an order to be made on the receiver, requiring him to examine all the claims which exist in the state of Ohio for supplies or material furnished by citizens of Ohio, either to that part of the road or to other portions of it. If it shall turn out that no great

injustice will be done by executing the provisions of the law of Ohio, I shall then feel inclined to do it. I do not know how the fact may be in relation to the material furnished by the petitioner in this case—steel rails. The petitioner is a corporation in the state of Ohio. The rails were furnished in Ohio, but whether for use of the Ohio part of the road, or of the Illinois or Indiana portion, or both, I do not know. It may be a matter of some importance to ascertain in what state it was furnished and used. The sixth section of the Ohio statute obviously refers to the Ohio railroads, but the seventh section extends the sixth section and all the other provisions of the law to railroads which are partly in Ohio and partly in other states. Therefore I will allow the petitioner to prove its claim, and it may stand for further action on the coming in of the report of the receiver.

[See 2 Fed. 36.]